GENERAL COURT (E. S.) APRIL TERM, 1800.

GARRETT *vs.* HUGHLETT, *Exr. de son tort of* DIXON.

SCIRE FACIAS upon a judgment obtained in this court, on a verdict in an action of trespass for *mesne profits*, brought by the present plaintiff against *Dixon* in his lifetime. On the day before the judgment, *Dixon* had conveyed all his real estate by deed to the present defendant; and after the judgment, upon the payment of certain sums of money by the defendant for him, he (*Dixon*) made a *bill of sale* of his negroes also to the present defendant. The defendant afterwards distrained upon *Dixon* for rent accruing for the use of the premises, so as aforesaid conveyed by the deed before mentioned, and of which *Dixon* had continued in possession, and some personal property of *Dixon* was sold under the distress, the proceeds of which came to the hands of the defendant after *Dixon's* death.

*A bill of sale of personal property may be deemed fraudulent from other circumstances than that of the vendor's continuing in possession; and the acknowledgment & recording of the bill of sale, where the vendor remains in possession, is not conclusive to show the absence of fraud.*

*A distress for rent in arrear, to be legal, must be agreeably to the statute, 2 W. & M. sess. 1, ch. 5.*

*Hammond* for the plaintiff contended, that the defendant had made himself executor *de son tort* of *Dixon,* upon two grounds.

*First.* That the *bill of sale being fraudulent,* (*Dixon* continuing in the possession of the negroes.) the receipt of the negroes, after the death of *Dixon,* was such an unlawful intermeddling with his goods, as made the defendant an executor *de son tort.*

*Secondly.* That the distress being irregular and illegal, the sale of *Dixon's* goods, and the receipt of the proceeds thereof by the defendant, made him an executor *de son tort* in like manner.

The illegality of the distress was in not complying with the requisites of the statute of 2 *W. & M. sess.* 1, *ch. 5.*

*Bullitt,* for the defendant, in reply to the first ground, contended, that inasmuch as the bill of sale was duly acknowledged and recorded, according to the requisites of the act of assembly, it could not be deemed fraudulent.

APRIL, 1800.

Garrett
vs.
Hughlett.

THE COURT were of opinion, that such a bill of sale might be deemed fraudulent from other circumstances than the continuance of possession. The act of assembly, by requiring the bill of sale to be acknowledged and recorded within a limited time, intended by those circumstances of notoriety to take off the presumption of fraud arising from the vendor's continuing in possession. But if there were other circumstances attending the transaction, which tended to shew it fraudulent, those circumstances might be given in evidence.

The court were also of opinion that the distress was illegal. Verdict for the defendant.

*N. B.* This seems to be a judicial decision, that the abovementioned statute of 2 *W. & M. sess,* 1, *ch.* 5, is in force in this state.